IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLAYTON CALLAWAY                                                                      PLAINTIFF

vs.                                          Civil No. 6:21-cv-06045

KILOLO KIJAKAZI                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Clayton Callaway ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of

the Act.[1]

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 28.[2]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

This is the second time this case has been before this Court.  Since originally filing his

applications nearly ten years ago, Plaintiff has attended a total of four administrative hearings, and

he has had two Appeals Council remands and a federal court remand.  Plaintiff protectively filed

---

[1] Plaintiff was awarded SSI benefits in a prior partially favorable determination.  *See, e.g.,* Tr. 21.
[2] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These
references are to the page number of the transcript itself not the ECF page number.

his disability applications on August 29, 2012.[3]  (Tr. 11).  In both applications, Plaintiff alleges

being disabled as of March 1, 2005.  (Tr. 11).  In both applications, Plaintiff alleges being disabled

due to HIV positive status, migraine headaches, a hip implant, and bipolar disorder.  (Tr. 286).

These applications were denied initially and again upon reconsideration.  (Tr. 11).

 After Plaintiff's applications were initially denied, Plaintiff requested an administrative

hearing, and that hearing request was granted.  (Tr. 11).  The second administrative hearing[4] was

held in Hot Springs, Arkansas on September 6, 2013.  *Id.*  Thereafter, on January 22, 2014, the

ALJ entered a partially favorable decision, approving Plaintiff's SSI application as of August 29,

2012, but the ALJ denied his application for DIB.  (Tr. 21, Finding 13).  Plaintiff appealed that

decision to this Court.  *See Callaway v. SSA,* 6:15-cv-06063, ECF Nos. 16-17 (W.D. Ark. July 1,

2016).

 Based upon this Court's review of the record in this matter, the Court reversed and

remanded Plaintiff's case, finding as follows:

> In this case, Plaintiff alleged being disabled due to, among other things, migraines
> headaches.  (Tr. 286).  According to Plaintiff, he began experiencing migraines in
> 2005.  (Tr. 54).  Dr. Terance D'Souza stated in an October 6, 2011 correspondence
> that he had been treating Plaintiff for many years and he had a history of migraines.
> (Tr. 497).  The migraines had fluctuating severity, sometimes resulting in an
> inability to work, and Plaintiff was on multiple medications for the headaches.  *Id.*
> Further, pharmacy records show Plaintiff's use of medications for migraines as
> early as May 2008.  (Tr. 354-356).  Based upon this evidence alone, the Court finds
> the ALJ's determination Plaintiff's migraine headaches were non severe was not
> supported by substantial evidence in the record.  Thus, this case must be reserved
> and remanded for further consideration of this issue.

ECF No. 16 at 5-6.

---

[3] It appears Plaintiff also filed a prior application in 2006.  *See, e.g.,* Tr. 114.  In the record, there is a
transcript from Plaintiff's first hearing dated November 13, 2007.  (Tr. 69-110).  During that hearing,
Plaintiff alleged the same impairments, including bipolar disorder and HIV positive status.  The Parties do
not dispute that this prior application has not be reopened and is not before the Court.  *See* 20 C.F.R. §
404.988 (2010) (conditions for reopening).
[4] Again, the first administrative hearing was held on the prior application on November 13, 2007.

Thereafter, the ALJ then entered two additional partially favorable decisions. The first of these decisions was entered on October 26, 2017. (Tr. 738-764). In that decision, the ALJ found Plaintiff's disability began on September 1, 2015. *Id.* The second of these decisions was entered on January 29, 2019. (Tr. 771-796). That decision was entered after Plaintiff's third administrative hearing. In the second decision, the ALJ found Plaintiff's disability began on December 7, 2015. *Id.* After the second decision was entered, the Appeals Council remanded Plaintiff's case for further administrative review. (Tr. 795-799).

The ALJ then held a fourth administrative hearing. (Tr. 671-694). A fourth ALJ issued a partially favorable decision dated May 11, 2020. (Tr. 553-584). This is most recent decision regarding Plaintiff's disability, and this is the decision before this Court. In this decision, the ALJ found Plaintiff was disabled as of March 6, 2016.[5] (Tr. 573). The ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2008. (Tr. 561, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 561, Finding 2). The ALJ found Plaintiff had the following severe impairments: osteoarthritis (including the right hip); asthma; migraine headaches; occipital neuralgia; asymptomatic HIV; and a mood disorder. (Tr. 561-562, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 562-564, Finding 4).

The ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 564-571, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed

---

[5] Notably, this is the fourth separate onset date the SSA found. These onset dates were as follows: August 29, 2012 (Tr. 21); September 1, 2015 (Tr. 764); December 7, 2015 (Tr. 796); and March 6, 2016 (Tr. 573).

limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that since March 1, 2005, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally be exposed to extreme heat, extreme cold, very bright light, very loud noise, and pulmonary irritants; can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights or dangerous moving machinery; can understand and remember simple instructions; can sustain attention and concentration to complete simple tasks with regular breaks every two hours; can interacts as needed with supervisors and coworkers and occasionally interact with the public; can adapt to routine work conditions and occasional work place changes.

*Id.*

The ALJ determined that prior to his established disability onset date, Plaintiff qualified as a "younger individual" aged 18-49; and on March 6, 2016, Plaintiff's age category changed to an individual of advanced age.  *See* 20 C.F.R. §§ 404.1563 and 416.963.  As for his education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 571, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 571, Finding 6).  The ALJ determined that since March 1, 2005, Plaintiff had been unable to perform his PRW.  *Id.*  The ALJ then considered whether Plaintiff retained the capacity to perform other jobs existing in significant numbers in the national economy.  (Tr. 571-572, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*

Specifically, the VE testified—and the ALJ determined—that prior to March 6, 2016, Plaintiff retained the capacity to perform work as a price marker (light, unskilled) with 120,000 such jobs nationally; router (light, unskilled) with 34,000 such jobs nationally; and garment sorter (light, unskilled) with 3,000 such jobs nationally.  (Tr. 572).  After March 6, 2016, the ALJ also

determined that considering his age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 572, Finding 11). On April 20, 2021, Plaintiff filed his Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 25-27. This case is now ready for decision.

## 2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 25.  Specifically, Plaintiff claims the following: (1) the ALJ's decision failed to give good reasons for rejecting the opinion of his treating physicians; (2) the ALJ failed to fully to develop the record by calling on the services of a medical expert; and (3) the ALJ failed to consider his subjective complaints under *Polaski*. *Id.*  Because the Court

finds the ALJ erred in discounting the opinion of his treating physician, Dr. Terrance D'Souza, this case must be reversed.

As recognized above in the Court's prior decision, Dr. D'Souza was Plaintiff's treating physician, and he had found Plaintiff was unable to work primarily due to his migraine headaches. On October 6, 2011, Dr. D'Souza specifically found as follows:

> Mr. Clayton Callaway has been under my care and treatment for many years.  He has a history of migraine with fluctuating severity.  Stress and allergies significantly increase the intensity and duration of these headaches, during which time he is unable to work, is very light sensitive and nauseous.  He has been under significant stress recently in addition to an increase in allergies with the results of increasing severe headaches.  He is on multiple medications for these headaches.

> In addition, he is under the care of a psychiatrist for depression with associated anxiety, the symptoms of which have interfered with his work abilities.

(Tr. 386).

Interestingly, the ALJ discounted Dr. D'Souza's findings because his "allegations are not fully supported by the medical evidence," and the "evidence shows that the claimant has migraines, but that they have decreased both in severity and in frequency with treatment." (Tr. 567).  In other words, the ALJ found Plaintiff's migraine headaches had improved over time such that they were *not* disabling. Despite this finding, however, the SSA still determined in its very first opinion that Plaintiff was disabled as of August 29, 2012, just one year after Dr. D'Souza's stated his opinion regarding Plaintiff's disability.  If Plaintiff's migraine headaches had improved, it is unclear why the ALJ would have found him to be disabled in 2012.

Further, as noted above, this is the second time this case has been appealed to this Court. In every administrative opinion, with little or no basis, the ALJ has found a different disability onset date.  Plaintiff filed his applications nearly ten years ago.  Plaintiff's disability claim was approved only as to SSI but was denied as to his DIB.  This is despite the fact his treating physician

has recognized his disability beginning prior to the date initially found by the ALJ of August 29, 2012.

As recognized in the Court's prior opinion, Plaintiff alleged being disabled due to, among other things, migraines headaches. (Tr. 286). According to Plaintiff, he began experiencing migraines in 2005. (Tr. 54). Dr. D'Souza stated in an October 6, 2011 correspondence that he had been treating Plaintiff for many years and he had a history of migraines. (Tr. 497). The migraines had fluctuating severity, sometimes resulting in an inability to work, and Plaintiff was on multiple medications for the headaches. *Id.* Further, pharmacy records show Plaintiff's use of medications for migraines as early as May 2008. (Tr. 354-356). Based upon these records, the Court finds Plaintiff has presented sufficient evidence to demonstrate he was disabled prior to the expiration of his insured status in 2008.

Furthermore, based upon the Court's review of the medical records in this case, the Court finds no additional administrative development is necessary, and this case can be reversed and rendered. *See Andler v. Chater,* 100 F.3d 1389, 1394 (8th Cir. 1996) (holding that "[i]f the record presented to the ALJ contains substantial evidence supporting a finding of disability, a reviewing court may reverse and remand the case to the district court for entry of an order granting benefits to the claimant"). Such a remedy is especially appropriate where "further hearings would merely delay benefits." *Id. See also Hutsell v. Massanari,* 259 F.3d 707, 714 (8th Cir. 2001); *Yandell v. Berryhill,* No. 3:16-cv-132-JTR (E.D. Ark. Aug. 15, 2017) (awarding benefits). Indeed, the SSA has held four administrative hearings in Plaintiff's case, and the Court cannot find a remand for a fifth additional hearing would be beneficial.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to

Plaintiff, is not supported by substantial evidence in the record.  Further, as outlined above, and based upon the Court's review, the record contains substantial evidence supporting a finding of disability.  Thus, this Court orders Plaintiff's case be reversed and rendered with a direction to the SSA to award DIB or Title II benefits.  The SSA is directed to calculate Plaintiff's past-due benefits from an onset date of September 1, 2008, which is prior to expiration of his insured status.[6]  Such an onset date is supported by Plaintiff's medical records, including the records of his treating physician.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 18th day of May 2022.**

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[6] As a practical matter, Plaintiff is entitled to Title II benefits with an onset date of September 1, 2008, but they may not be payable as of that date because such benefits are not probably payable years before the application is filed.  *See* 20 C.F.R. § 404.315(a)(3).  The SSA is directed to properly calculate the amount of Title II benefits.